UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Timothy P. Dougherty, | ) |
| Plaintiff, | ) Civ. Action No. 06CV02146 (RWR) |
|  | ) ECF |
| v. | ) |
| Michael Wynne, Secretary of the Air Force | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT AND OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARYJUDGMENT**

**INTRODUCTION**

Defendant respectfully submits this reply in Support of its Motion to Dismiss and for Summary Judgment (Opening Brf.) and in opposition to Plaintiff's Cross Motion for Summary Judgment (Pl's Opp.). The Air Force is entitled to judgment as a matter of law. Plaintiff's claims of violations of the Administrative Procedures Act (APA) by the Air Force Board for Correction of Military Records (AFBCMR or the Board) fail because the Board's decision was not arbitrary, capricious, an abuse of discretion, or contrary to law. Additionally, Defendant is entitled to judgment as a matter of law because Plaintiff's constitutional claims are without merit and there is no genuine dispute of material fact. Finally, Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim upon which relief may be granted because claims for military reinstatement are not justiciable.

# ARGUMENT

I. **The Decision of the Air Force Board for Correction of Military Records is Not Arbitrary, Capricious, or Contrary to Law and is Supported by the Record.**

Plaintiff claims Airman (Amn) Hall's discrimination complaint was processed in violation of regulation. (Pl's Opp. at 6-13). However, the AFBCMR correctly determined that Amn Hall's discrimination complaint and administrative discharge were processed in compliance with applicable regulations. The Adjutant General (TAG) Major General Groves and TAG Major General Youngman did not violate the regulation and regulatory time limits were not violated as Plaintiff alleges. Defendant previously addressed most of Plaintiff's arguments in the Opening Brief at 5-12. Those not previously addressed will be addressed, in opposition to Plaintiff's Cross Motion, below.

At page 7 of his Opposition, Plaintiff argues that Defendant's reliance on "the additional review" provision of ANGI 36-3, ¶ 2-8(e) as permissible grounds for Major General Groves to return Amn Hall's sexual harassment complaint case to the new Wing Commander, Colonel Michael Harden, for further review is misplaced. To the contrary, Defendant's reliance is not misplaced. ANGI 36-3, ¶ 2-8(c) provides "(i)f the complainant disagreed with subordinate commanders' decision that the complaint, in whole or in part, was dismissed or did not contain allegations based on discrimination, TAG may reverse that decision or take action as specified in paragraphs 2-9." Of course, prior to taking action the AG must resolve the complaint. ANGI 36-3, ¶ 2-8(e) states "The AG (TAG) may attempt to resolve the complaint or cause any additional review or inquiry to be conducted before an attempt at resolution." Accordingly, referring the case to the new wing commander was within TAG's discretion to resolve the complaint.

2

At pages 7-9 of his Opposition, Plaintiff alleges that TAG Major General Groves engaged in Unlawful Command Influence by returning the case to the new wing commander, Colonel Harden. Plaintiff argues that "[e]ach commander's decision should stand alone." (Pl's Opp. at 7). While the Court of Appeals for the Armed Forces has indicated that "[u]nlawful command influence is 'the mortal enemy of military justice,'" United States v. Lewis, 63 M.J. 405, 407 (2006), no unlawful command influence occurred here. Unlawful command influence is prohibited by Article 37 of the Uniform Code of Military Justice (UCMJ). 10 U.S.C. § 837. The title of Article 37, UCMJ, is "Unlawfully influencing action of court." Unlawful command influence is defined as "the improper use, or perception of use, of superior authority to interfere with the court-martial process." 2 FRANCIS A. GILLIGAN & FREDRIC I LEDERER, COURT-MARTIAL PROCEDURE § 18-28.00 (2d ed. 1999) (emphasis added). Clearly, processing a sexual harassment complaint is not the same process as processing a court-martial. Therefore, Article 37 does not apply to plaintiff's case and TAG Major General Groves did not engage in unlawful command influence by returning the case to the new Wing Commander.

At page 9 of his Opposition, Plaintiff argues that TAG violated key provisions of the regulation relating to the timing allowed for processing discrimination complaints. Specifically, he argues that Amn Hall's complaint should have been forwarded to NGB within 8 months of the filing of the complaint in accordance with ANGI 36-3, ¶ 1-8(f) and that TAG improperly delayed the processing of Amn Hall's complaint and eventually used the regulation as improper grounds to discharge Plaintiff pursuant to AFI 36-3209 because TAG allegedly "wanted him gone." Pl's Opp. at 22. This argument is first, speculative and second waived as it was not raised before the AFBCMR. AR 8-18. Absent exceptional circumstances, a plaintiff cannot rely in court upon an argument not made to the Board. Lozowski v. Mineta, 352 F.2d 136 (D.C. Cir. 2002).

Exceptional circumstances are "cases involving uncertainty in the law; novel, important, and recurring questions of federal law; intervening change in the law; and extraordinary situations with potential for miscarriages of justice." See Flynn v. Commissioner of Internal Revenue Service, 269 F.3d 1064, 1068-69 (D.C. Cir. 2001). No exception applies here and, therefore, the argument is waived. Even if not deemed waived, the failure to maintain strict compliance with regulations regarding the processing of sexual harassment complaints does not affect the legal validity of the administrative discharge processed under AFI 36-3209. Complaint processing "time limits have been established to ensure that complaints are processed expeditiously and to ensure the availability of witnesses and information needed for investigation and resolution of complaints." ANGI 36-3, ¶ 1-8. Violation of the time limits does not constitute a bar to subsequent adverse action, either administrative or punitive in nature.

Plaintiff's suggestion, that TAG Major General Youngman's decision to separate Plaintiff for a "pattern of misconduct" violated ANGI 36-3, ¶ 1-9(b) is a red herring because Plaintiff was actually discharged for the commission of a serious offense. See Opening Brief, Exh. 6. Specifically, Plaintiff alleges that a violation of ANGI 36-3 occurred because TAG's decision rested on complaints that were not made within 180 days. (Pl's Opp. at 9). The fact is that no such complaints were ever made. Plaintiff's argument was directly addressed in the Opening Brief at 23-24. TAG's mention of a pattern of misconduct was related to his explanation of why he did not accept the board's recommendation of probation and rehabilitation, as is consistent with his discretionary powers. Hence, there is no violation of the regulation, nor is it error which should have been corrected by the Board.

Plaintiff also argues he should be granted summary judgment because the Administrative Record provides unequivocal evidence that the regulatory provisions of ANGI 36-3 were

violated and the AFBCMR concluded to the contrary. (Pl's Opp. at 10-13). Specifically, Plaintiff argues that the regulation required that all allegations other than Amn Hall's be dismissed on the basis that they were untimely. ANGI 36-3, ¶ 2-3(b)(1). (Pl's Opp. at 11). Assuming *arguendo* that various regulatory provisions of ANGI 36-3 were violated, those violations would not invalidate the discharge proceedings conducted under AFI 36-3209. It was the evidence of sexual harassment presented to the discharge board that resulted in Plaintiff's discharge, not any findings that may have been made under the sexual harassment complaint process. AR 77-99. ANGI 36-3, ¶ 1-1 indicates that the purpose of ANGI 36-3 is to set policy and explain "how to file, process, investigate, and settle complaints of discrimination." It is the goal of the National Guard (NG) to resolve and settle all allegations and complaints of discrimination fairly, equitably and expeditiously." ANGI 36-3, ¶ 1-7(g) (emphasis added). The time limits set forth in ANGI 36-3 are merely goals. No exclusionary rule precludes evidence regarding a sexual harassment complaint from being the basis of an administrative discharge. See generally AFI 36-3209.

Plaintiff argues that his administrative discharge was processed in violation of the regulation; specifically (1) the TAG improperly initiated the discharge action; (2) the proposed grounds for discharge were improper under the regulation; (3) the record of the Administrative Review Board hearing violates regulation; and (4) he was discharged for improper grounds. (Opposition at 14-24). These contentions are address in turn below.

**1. TAG did not improperly initiate discharge action.**

Defendant previously addressed Plaintiff's allegation that the TAG improperly initiated the discharge action in pages 12-14 of the Opening Brief. Plaintiff's allegation that TAG has no authority to initiate a discharge case (Pl's Opp. at 15) is simply incorrect. *See* Opening Brf. at 13

5

quoting AFI 36-3209, ¶ 4.10 ("When the commander <u>or discharge authority</u> determines that grounds exist to warrant initiation of separation action against a member who is entitled to request a board, a letter of notification (LON) is sent to the member." (emphasis added)). The AFBCMR specifically addressed this allegation in its decision stating "we found no indication that the actions taken to affect the applicant's discharge from the Air National Guard were improper or contrary to the provision of the governing regulation in effect at the time." AR 6. Additionally, criminal case law and Article 37, UCMJ, apply to courts-martial, not administrative discharge actions. Therefore, Plaintiff's discharge action was not improperly initiated.

**2. The proposed grounds for discharge were not improper.**

Plaintiff's argument that the proposed grounds for discharge were improper under the regulation is without merit. There were three bases for discharge, but the discharge board recommended discharge under only one basis: Sexual Harassment, a serious offense. AR 97. Conspicuously absent from Plaintiff's Opposition is a discussion of the sexual harassment/ serious offense rationale for the discharge. He makes much ado however, about the other two bases that were not accepted by the board as reasons for the discharge. (Pl's Opp. at 2-24). As indicated by the voting members of the discharge board, their separation recommendation was made based solely on plaintiff's sexual harassment of Airman Hall. AR 95. Therefore, Plaintiff's complaint that the allegations involving two other women should not have been considered because they were time-barred has no merit. (Pl's Opp. at 16).

Further, statutes of limitations do not apply to discharge boards. "The board may consult the respondent's entire military record in determining whether retention or discharge is appropriate." Exh 3, AFI 36-3209, ¶ 4.17.2. There are no time-barred allegations so long as the

misconduct occurred during the member's term of service.  Accordingly, Plaintiff's argument that he "should have been protected from having to defend himself against allegations regarding events that had occurred so far in the past" (Pl's Opp. at 17) lacks merit.  Moreover, the fact the commander recommended that Plaintiff receive an honorable discharge rather than the more severe general (under honorable conditions) or under other than honorable conditions (UOTHC) has no relation to the appropriateness of basis for discharge.  The regulation specifically permits an airman to be discharged for the commission of a serious offense to receive an honorable discharge service characterization.  AFI 36-3209, ¶ 3.21. ("do not authorize  characterization of service as Honorable unless the member's record is otherwise so meritorious that any other characterization clearly would be inappropriate, and the separation or discharge is approved by the discharge authority.")

Plaintiff argues that the conduct alleged by Amn Hall does not qualify as commission of a serious offense which was the basis for discharge.  (Pl's Opp. at 17).   However, AFI 36-3209, ¶ 3.21.3, describes a serious offense as an offense which warrants separation and a punitive discharge would be authorized for the same or a closely related offense under the UCMJ or state military code.  Since plaintiff's acts of sexual harassment constitute cruelty and maltreatment under Article 93 of the UCMJ which is punishable by a dishonorable discharge, Plaintiff's conduct constitutes a serious offense.  The fact that Plaintiff received an Honorable discharge has no bearing on the validity of the basis for discharge.

Plaintiff claims that including a pattern of misconduct as one of the bases for discharge was improper.  (Pl's Opp. at 18).  Assuming *arguendo* the foregoing constitutes an error, it was clearly harmless as Plaintiff was not discharged for a pattern of misconduct.  Because Plaintiff

7

was discharged for the commission of a serious offense, he suffered no prejudice by having a pattern of misconduct as a recommended basis for discharge.

### 3. The record of the ARB hearing complies with the regulation.

Plaintiff argues the recorder failed to prepare a verbatim report of the proceedings in violation of AFI 36-3209, ¶ 4.18.1. (Pl's Opp. at 18). Plaintiff is simply incorrect that a verbatim report was required for Plaintiff's case. As indicated in the Opening Brief at 19, "[t]he Instruction allows for a summarized transcript of the proceedings when the board recommends an Honorable or General discharge, which was the case here." Opening Brf. Exh. 3, AFI 36-3209, ¶ 4.18.1.2. "In cases where the board recommends an Honorable or General discharge, or recommends retention, the recorder prepares a summarized or verbatim report of the board proceedings, as required by the convening authority." AFI 36-3209, ¶ 4.18.4. The record of Board proceedings found at pages 77-99 of the administrative record meets the requirements of a summarized record.

Plaintiff argues the legal advisor's authentication of the record of board proceedings was insufficient in that it failed to note serious errors and was accomplished on Jan 2, 2003—9 days before voting members certified their findings and recommendations on Jan 11, 2003. (Opposition at 19). However, as discussed in the Opening Brief at 19, the legal advisor authenticates the report by certifying its accuracy and the fact that a majority of voting members concurred in the findings and recommendations. AFI 36-3209, ¶ 4.18.4.1. The legal advisor authenticated the record of Board proceedings in accordance with the Instruction. Plaintiff's argument that the legal advisor authenticated the record before the voting members certified their finding and recommendations was not made in his application for relief to the AFBCMR. However, in his application to the AFBCMR, Plaintiff conceded that "the Legal Advisor

8

authenticated the Record and certified to its accuracy . . . ." AR 12.  <u>See</u> also AR 16.  While Plaintiff is correct that the authentication page appears to be dated "2 Jan 03," the date is obviously a typographical mistake.  It is impossible to authenticate a record before it is created.  While Plaintiff's argument is nonsensical, it is also waived because he previously conceded the authentication of the record of board proceedings and because Plaintiff did not previously raise below the issue regarding the date of the authentication.  <u>See</u> <u>Lozowski v. Mineta</u>, 352 F.2d 136 (D.C. Cir. 2002); <u>Flynn v. Commissioner of Internal Revenue Service</u>, 269 F.3d 1064, 1068-69 (D.C. Cir. 2001).

    Plaintiff also claims that no formal legal review of the record was "apparently" conducted as required by AFI 36-3209, ¶ 4.19, as it was not appended to the report of board proceedings.  As Plaintiff did not raise this issue before the AFBCMR, it is waived.  Pl's Opp. at 20.  <u>See</u> <u>also</u> <u>Lozowski</u>, <u>supra</u>; <u>Flynn</u>, supra.  Furthermore, ¶ 4.19 of AFI 36-3209, requires the written legal review to be appended to the <u>original</u> copy of the report of board proceedings and forwarded to the discharge authority.  There is no requirement to provide a respondent with a copy of the legal review.  The legal review, dated January 22, 2003, was drafted by Major Dylan F. Seitz, the Staff Judge Advocate of the KY ARNG.  In the legal review, Major Seitz recommended approval of the Board's findings and recommendations.  *See* attached Exh. A.

    **4. Plaintiff's discharge was based on proper grounds.**

    As indicated in footnote 6 of the Opening Brief at 23, the Air Force corrected Plaintiff's records to indicate the correct basis for discharge: commission of a serious offense as recommended by the voting members of the discharge board.  Plaintiff was not discharged for a pattern of misconduct.

9

Plaintiff argues that TAG abused his discretion by disapproving the recommended probation and rehabilitation (P&R). (Pl's Opp. at 20-21). TAG's decision to disapprove the recommended P&R was within TAG's discretion. Thus, Plaintiff's argument is without merit. The board's recommendation for suspension of the discharge to afford plaintiff P&R is not binding on the discharge authority. See AFI, 36-3209, ¶ 4.23.2.3. ("The board's recommendation for suspension is not binding on the discharge authority.")

## II. **Defendant's Motion to Dismiss Should be Granted Because Plaintiff's Claims are Nonjusticiable.**

Plaintiff's argument that Defendant's motion to dismiss should be denied because Plaintiff's claims are justiciable was addressed in the Opening Brief at 30-32. Plaintiff argues his request for reinstatement to federal reserve is justiciable because he exhausted his intraservice administrative remedies by filing his application with the AFBCMR. (Pl's Opp. at 28). However, for the reasons stated in Pl's Opp. at 30-32, Plaintiff's exhaustion of his intraservice administrative remedies does not render his request justiciable. To grant the transfer sought would require this Court to second-guess the Secretary's decision about how best to allocate military personnel in order to serve the security needs of the nation. Cargill v. Marsh, 902 F.2d 1006, 1007 (D.C. Cir. 1990). Furthermore, Plaintiff is not entitled to an active duty position he has never held. See Baird v. United States, 2000 U.S. APP. LEXIS 22190, 2-3 (Fed. Cir. 2000). Hence, Defendant's Motion should be granted and Plaintiff's denied.

## CONCLUSION

For the foregoing reasons and the reasons stated in Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss and for Summary Judgment, Defendant is entitled to judgment as a matter of law.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, D.C.  20530
202-305-4851

*Of Counsel:*
Thomas R. Uiselt, Major, USAF
Trial Attorney
Air Force Legal Operations Agency
1501 Wilson Blvd, 7th Floor
Arlington, VA  22209

CERTIFICATE OF SERVICE

I certify that on October 24, 2007, I filed the foregoing Reply in Support of Defendant's Motion to Dismiss and for Summary Judgment and Opposition to Plaintiff's Cross Motion for Summary Judgment with the Clerk of the Court, and served all parties of record via the Court's ECF system.

                                              _____/s/_____
                                              MERCEDEH MOMENI
                                              Assistant United States Attorney
                                              555 4th Street, N.W.
                                              Civil Division
                                              Washington, D.C. 20530
                                              202-305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Timothy P. Dougherty, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action No. 06CV02146 (RWR) |
| | ) | ECF |
| v. | ) | |
| | ) | |
| Michael Wynne, | ) | |
| Secretary of the Air Force | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT
OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendant respectfully submits this response to Plaintiff's statement of material facts which are not in genuine dispute.

1-10.  Defendant agrees with these paragraphs.

11.  Defendant agrees with the statements of material fact set forth in paragraph 11 and adds that TAG Major General Groves was also authorized to remand Plaintiff's case to the new Wing Commander, Colonel Michael Harden.

12.  Agree.

13.  Disagree, with the mischaracterization that Amn Hall was "encouraged" to supplement her allegations.  Defendant avers that on June 9, 2001, after receiving a copy of the investigative report, Amn Hall was provided with the opportunity to provide more specific information regarding the actions of Plaintiff on June 23, 2000 and to provide any additional comments or concerns regarding the investigative report, as is appropriate and within the discretion of TAG.  AR 57, 58.

14. Agree, except disagree with "forced" and substitute "ordered" for "forced." The unit commander, Major Jeremy Shoop, was ordered to initiate discharge proceedings against Plaintiff for the same conduct for which Colonel Leslie disciplined Plaintiff. AR 92-93.

15. Defendant agrees SJA Lt Col Stephen J. Allison prepared the letter recommending Plaintiff's discharge and then told Major Shoop to sign it on December 20, 2001, but disagrees with the immaterial contention that Lt Col Allison did not allow the Major Shoop to consult with him. AR 67, 70, 92.

16-18. Agree.

19. Disagree with the immaterial contentions in this paragraph. In fact, one of the other women filed a complaint against Plaintiff for sexually harassing her in June 2000. AR 45. There is no evidence that none of the women "felt" Plaintiff deserved to be discharged for his misconduct. AR 44-50.

20. Agree.

21. Agree that TAG awarded Plaintiff the Air Force Achievement Medal (AFAM) for outstanding achievement as evidenced on the AFAM during the period December 1, 2001 to January 13, 2002. (Exhibit 2 to Plaintiff's Cross-Motion). Disagree with the words "(d)uring this same period," and the assertion that immaterial assertion that the AFAM is evidence that Plaintiff's <u>conduct</u> was outstanding, or even appropriate, as the AFAM makes no mention of Plaintiff's conduct. <u>Id</u>.

22. Agree.

23. Agree that Plaintiff's military counsel Colonel John Southard had been diagnosed with Alzheimer's disease two years prior to the Board hearing and retired after the Board hearing. The remainder of this paragraph contains Plaintiff's legal arguments and conclusions,

and not material facts, that Colonel Southard made numerous errors and omissions throughout the administrative discharge processing, to which no response is required. To the extent that a response is required, Defendant disagrees with the remainder of this paragraph.

24-26.  Agree.

27.  Disagree that TAG ordered Plaintiff to be discharged based on a Pattern of Misconduct.  Opening Brief, Exh. 6 at 4-5. TAG accepted the Board's findings and recommendations which substantiated Sexual Harassment as the basis for Plaintiff's discharge, and TAG directed Plaintiff's discharge.  AR 97, 100-01.

28.  Agree.

29.  Agree that Plaintiff's actual discharge certificate originally stated that the reason for discharge was Conduct Prejudicial to Good Order and Discipline.  Opening Brief, Exh. 6 at 1-2. However, since the order erroneously indicated the basis for discharge, it was corrected later to state the reason for discharge was Commission of a Serious Offense.  Id.

30.  Agree, except disagree that the Letter of Notification of Involuntary Separation was dated April 16, 2002 as it was dated April 16, 2003, which is not a material fact.  AR 102-03.

31-33.  Agree.

                                Respectfully submitted,

                                    /s/
                          _____
                          JEFFREY A. TAYLOR, D.C. Bar #498610
                          United States Attorney

                                    /s/
                          _____
                          RUDOLPH CONTRERAS, D.C. Bar #434122
                          Assistant United States Attorney

                                    /s/
                          _____
                          MERCEDEH MOMENI
                          Assistant United States Attorney
                          555 4th Street, N.W.
                          Civil Division
                          Washington, D.C. 20530

*Of Counsel:*
Thomas R. Uiselt, Major, USAF
Trial Attorney
Air Force Legal Operations Agency
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209

KG-SJA                                                                                          22 January 2003

MEMORANDUM FOR The Adjutant General, Kentucky National Guard, Boone
                National Guard Center, 100 Minuteman Parkway, Frankfort,
                KY 40601-6168

SUBJECT: Legal Review of Administrative Separation Board – MSgt Timothy P. Dougherty, 123d Airlift Wing, Louisville, Kentucky

1. The report of proceedings pertaining to the administrative separation board hearing for MSgt Timothy P. Dougherty has been reviewed for legal sufficiency. The report of proceedings and allied papers are legally sufficient. The hearing complied with all applicable legal and administrative requirements. The evidence introduced at the hearing supports the findings of board and the recommendations of the board are consistent with the findings.

2. A separation action was initiated on MSgt Dougherty based upon evidence that MSgt Dougherty had engaged in a pattern of sexual harassment directed at females within the 123d Airlift Wing. This evidence came to light as a result of an investigation prompted by a formal discrimination complaint filed by A1C Megan Hall. A1C Hall's formal discrimination complaint was resolved when A1C Hall was informed that MSgt Doughtery would go before a separation board for his misconduct. Based upon this action by the command, A1C Hall agreed to settle her claim. The resolution of her complaint did not require any particular findings or recommendations by the separation board. Further, the board did not consider the resolution of A1C Hall's formal complaint in reaching its findings and recommendations.

3. Because MSgt Dougherty had more than six years of service at the time this action was initiated, he was entitled to have his case considered by an administrative separation board. MSgt Doughtery requested a board and appeared before the board with his legal counsel, COL Southard. After considering all of the evidence presented by both the government and the respondent, the board found that had engaged in misconduct consisting of the sexual harassment of females assigned to the 123d Airlift Wing. Based upon that finding, the board recommended that MSgt Dougherty be separated with an Honorable Discharge, with a further recommendation to suspend the separation for a period of 12 months. As the separation authority, you are not bound by the board's recommendation to suspend the separation.

4. The board hearing and processing of this separation action is legally sufficient. The evidence supports the findings and recommendations of the board. The evidence introduced at the hearing showed that MSgt Dougherty sexually harassed several females assigned to the 123d Airlift Wing. You may approve the findings of the board or return the action to the board for further investigation. If you approve the findings, you have

KG-SJA
SUBJECT: Legal Review of Administrative Separation Board – MSgt Timothy P. Dougherty, 123d Airlift Wing, Louisville, Kentucky

three options: (1) retain MSgt Dougherty, (2) separate MSgt Dougherty with an Honorable discharge and suspend the discharge for a period of 12 months pending MSgt Dougherty's good conduct or (3) separate MSgt Dougherty with an Honorable discharge. The airman's service record and the command's previous administrative actions addressing this misconduct should be considered in arriving at your decision.

5. Recommend approval of the Board's findings and recommendations.

DYLAN F. SEITZ
MAJ, JA, KYARNG
Staff Judge Advocate