UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIMOTHY P. DOUGHERTY | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Civil Action No. 1:06-cv-02146-TFH |
| MICHAEL WYNNE, Secretary of the Air Force, | ) ) ) ) | |
| *Defendant*. | ) ) ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

**<u>INTRODUCTION</u>**

Plaintiff respectfully submits this reply in support of his cross-motion for summary judgment. No genuine dispute exists as to any material fact and Plaintiff is entitled to judgment as a matter of law.

Plaintiff was subject to a discrimination complaint which was processed in violation of regulation. He was then subject to a hearing by an Administrative Board of Officers (ARB) which ruled against him but recommended Probation and Rehabilitation (P&R). The subsequent decision by the Adjutant General (TAG) of the Kentucky Air National Guard overruled the ARB's recommendation for P&R and ordered Plaintiff discharged on grounds that conflicted with the ARB's findings. Although the ARB process and actions by TAG were in violation of regulation, Plaintiff was involuntarily separated from the Kentucky Air National Guard and United States Air Force Reserve.

Following his discharge, Plaintiff applied for relief to the Air Force Board for Correction of Military Records (AFBCMR). However, the AFBCMR failed to properly address the errors made

in Plaintiff's case, failed to determine the true nature of the injustice resulting from the violation by Kentucky Air National Guard and Air Force of their own regulations and of Plaintiff's right to due process of law, and did not grant Plaintiff thorough and fitting relief. *Yee v. United States*, 512 F.2d 1383, 1387-88 (Ct. Cl. 1975).

Plaintiff timely filed this suit and is now seeking summary judgment. This Court has the obligation and authority to review the decision of the AFBCMR under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. The record demonstrates no disputed issue of material fact as to the procedural and regulatory errors by the Kentucky Air National Guard and Air Force and the AFBCMR's subsequent failure to correct those errors. Because the AFBCMR's decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, it should be set aside. 5 U.S.C. § 706(2). Therefore, this Court should grant Plaintiff's cross-motion for summary judgment.

## ARGUMENT

**I.  THE AFBCMR VIOLATED THE APA BECAUSE THE DISCRIMINATION COMPLAINT AGAINST PLAINTIFF WAS PROCESSED IN VIOLATION OF REGULATION.**

Under the APA, decisions by the AFBCMR are subject to judicial review and can be set aside if they are arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). Because the AFBCMR failed to recognize that the discrimination complaint against Plaintiff was processed in clear violation of regulation, the AFBCMR's decision should be set aside.

Defendant asserts that TAG MG Groves' referral of Hall's sexual harassment complaint case to the new Wing Commander COL Harden was "within TAG's discretion to resolve the case." Def. Reply at 2. But such assertion contradicts the explicit requirements of the governing regulation,

which authorized TAG to either reverse the decision of COL Leslie, or else to send the matter to the National Guard Bureau (NGB) for review. ANGI 36-3, ¶ 2-8.c. If a complaint is resolved by TAG, then the resolution agreement must be put in writing and signed and dated by the complainant and TAG, and then forwarded to NGB for review, pursuant to Air National Guard Instruction (ANGI) 36-3, ¶ 2-8.n; if the complaint is not resolved by TAG, then TAG must forward it to NGB and request that NGB issue a final decision, pursuant to ANGI 36-3, ¶ 2-8(l). These were the two possible courses of action for TAG provided in the regulation, but TAG did neither. AR 33. Thus he violated the specific requirements of ANGI 36-3, and the AFBCMR's finding to the contrary was arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

Defendant argues that the issue of TAG's Unlawful Command Influence is irrelevant. Def. Reply at 3. Although this case does not involve a court martial, that does not mean that TAG was allowed to ignore the fundamental concept that each commander's decision should stand alone. A critical factor in court-martial proceedings, *Homcy v. Resor*, 455 F.2d 1345, 1353 (D.C. Cir. 1971), this concept is also evident throughout administrative and personnel matters. *See, e.g.,* Air Force Instruction ("AFI") 36-2406, ¶¶ 3.2.2.2, 3.2.3.3. *See also* AFI 36-2406, at Table 3.2, line 20. Moreover, it is a concept included in the regulation at issue here, which explicitly provides that it is up to each individual commander at each applicable level of command to make a decision regarding the appropriate resolution of a discrimination complaint. ANGI 36-3, ¶¶ 1-4.f(4), 1-7.g, 1-8.e, 1-9.d, 2-2.f, 2-4.e. TAG's return of Hall's discrimination complaint to the new Wing Commander contradicted this fundamental tenet of military law as well as violating the specific regulation governing the discrimination complaint process. *See id.*

Defendant asserts that Plaintiff waived his argument that TAG failed to timely and properly process Hall's discrimination complaint pursuant to the requirements of ANGI 36-3. Def. Reply

3

at 3.  However, such assertion is contradicted by the Administrative Record.  SJA MAJ Mellman's memo discusses TAG's violation of the regulation and failure to timely and properly act in this matter; Mellman's memo was in turn specifically referenced and discussed in Plaintiff's Memo filed with his February 25, 2004 AFBCMR application.  AR 11, 71-72.  Further, this is directly relevant to Plaintiff's discharge because if TAG had fully complied with the requirements of ANGI 36-3, then Hall's discrimination complaint would not have been "resolved by TAG by referring the matter to an ARB."  Def. Opening Memo at 9.  Thus, Plaintiff would still be in the military.  *See* AR 71-72.

TAG MG Youngman violated ANGI 36-3, ¶ 1-9(b) because it is clear from the face of his written decision that he was separating Plaintiff based on a "pattern of misconduct."  Defendant attempts to explain away TAG's decision by describing it as merely a "mention" of a pattern of misconduct "related to his explanation of why he did not accept the board's recommendation of probation and rehabilitation contradicts."  Def. Reply at 4.  Yet such a reading is directly contradicted by the explicit language of TAG's decision:  "Even without the testimony concerning his inappropriate behavior toward Senior Airman Hall, **the record clearly substantiates a long-term and sustained pattern of misconduct**."  AR 100 (emphasis added).  TAG goes on to state that Plaintiff should be separated for "[h]is lack of remorse for **this sustained pattern of misconduct** . . . ."  *Id.* (emphasis added).

Defendant argues, in effect, that any violation of ANGI 36-3 is insignificant because "those violations would not invalidate the discharge proceedings conducted under AFI 36-3209."  Def. Reply at 5.  However, it is important to note that violations of military regulations constitute a violation of the due process provisions of the Fifth Amendment.  *See, e.g., Antonuk v. United States*, 445 F.2d 592, 595 (6th Cir. 1971) ("violation by the military of its own regulations constitutes a violation of an individual's right to due process of law").  Moreover, Defendant's argument ignores

the reality that the discharge proceeding might well never have occurred if ANGI 36-3 had not been violated. AR 71-72. If the requirements of ANGI 36-3 had been complied with, then the discrimination complaint would have been resolved according to the specific terms of that regulation as discussed above and forwarded to the NGB within the proper regulatory time frame. ANGI 36-3, ¶¶ 2-8.c, 2-8.n, 2-8(l). Thus Hall's discrimination complaint would not have been "resolved by TAG by referring the matter to an ARB." Def. Opening Memo at 9.

The AFBCMR failed to recognize any regulatory violation in the handling of the sexual discrimination complaint against Plaintiff. Because such decision by the AFBCMR is arbitrary, capricious, unsupported by substantial evidence, and contrary to law, it should be set aside. *Chappell*, 462 U.S. at 303.

## II. THE AFBCMR VIOLATED THE APA BECAUSE PLAINTIFF'S DISCHARGE WAS PROCESSED IN VIOLATION OF REGULATION.

Because the AFBCMR failed to recognize that Plaintiff's discharge was processed in clear violation of regulation, the AFBCMR's decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, and should thus be set aside by this Court. *Chappell*, 462 U.S. at 303.

**A. Plaintiff's Discharge Was Initiated in Violation of Regulation.**

It is undisputed that the unit commander MAJ Jeremy Shoop was ordered to initiate discharge proceedings against Plaintiff for the same conduct for which COL Leslie disciplined Plaintiff. Def. Response to Plaintiff's Statement of Material Facts ¶ 14. It is also undisputed that SJA LTC Stephen J. Allison prepared the letter recommending Plaintiff's discharge and then told MAJ Shoop to sign it. *Id.* ¶ 15. Nor is there any dispute that MAJ Shoop did not want to discharge Plaintiff because he did not think it was appropriate, and thus initiated the discharge against his

better judgment and only upon direct orders from TAG MG D. Allen Youngman. *Id.* ¶ 16. *See also* AR 60-65, 67, 70, 92.

Defendant argues that TAG properly initiated the discharge action against Plaintiff based on AFI 36-3209, ¶ 4.10. Yet construing that paragraph to allow TAG to initiate the discharge action directly contradicts and invalidates other applicable provisions of that same regulation, which mandate that it is the unit commander's clearly defined responsibility to decide whether to initiate discharge after carefully evaluating relevant information and after ensuring that an investigation properly substantiates and documents all facts. AFI 36-3209, ¶¶ 1.22, 3.2.2, 3.9.2. It is up to the unit commander to initiate any separation action by preparing a letter recommending separation and forwarding it to the convening authority, which in this case was TAG. AFI 36-3209, ¶ 3.2.2. It is then TAG's responsibility, as the discharge authority, to:

> 1.23.1  Review the case ensuring it properly substantiates all facts and determine appropriate action warranted.
> \*\*\*
> 1.23.3  When involuntary administrative discharge action is warranted, refer to Chapter 4.

AFI 36-3209, ¶ 1.23. Thus it is only **after** the unit commander initiates the separation action and forwards it to TAG and TAG reviews it to ensure that discharge is warranted, that TAG has the authority to proceed under Chapter 4, including ¶ 4.10 the paragraph relied upon by Defendant.

A "cardinal canon" of statutory and regulatory construction "dictates that provisions should, whenever possible, be construed to achieve consistency." *Atwell v. Merit Systems Protection Bd.*, 670 F.2d 272, 286 (D.C. Cir. 1981) (citation omitted). Plaintiff's interpretation of this regulation achieves such consistency. In contrast, under Defendant's interpretation, ¶ 4.10 trumps provisions such as ¶ 1.23 and ¶ 3.2 and further would render null and void major sections of Chapters 1 and 3 of the regulation. Defendant's interpretation would thus violate the fundamental "rule that the

maximum possible effect should be afforded to all [ regulatory] provisions, and, whenever possible, none of those provisions rendered null or void." *Citizens to Save Spencer County v. U.S. Environmental Protection Agency*, 600 F.2d 844, 870 (D.C. Cir. 1979) (citations omitted). Therefore, this Court should find that, pursuant to AFI 36-3209, it was the unit commander's responsibility to exercise his independent judgment and determine whether to initiate discharge proceedings. Therefore, TAG's action violated the regulation.

**B.  The Proposed Grounds for Discharge Were Improper under the Regulation.**

Plaintiff has previously addressed why each of the three proposed grounds for discharge–a Pattern of Misconduct, Conduct Prejudicial to Good Order and Discipline, and Sexual Harassment a serious offense–were all improper under the regulation. *See* Pl's Opp. at 15-17. However, two points deserves additional emphasis.

First, Defendant argues that because the ARB's separation recommendation was based solely on Hall's allegations, "Plaintiff's complaint that the allegations involving the other two women should not have been considered because they were time-barred has no merit." Def. Reply at 6. Yet Defendant's argument is nonsensical because TAG's decision to discharge Plaintiff was explicitly based on allegations involving the other women: **"Even without the testimony concerning his inappropriate behavior toward Senior Airman Hall**, the record clearly substantiates a long-term and sustained pattern of misconduct." AR 100.

Second, Defendant argues that even if it was improper to include a Pattern of Misconduct as one of the bases for discharge, such error is harmless because Plaintiff suffered no prejudice because he was not discharged on that ground, but instead for commission of a serious offense. Def. Reply at 7. Yet Defendant's argument utterly disregards regulatory mandates as well as Plaintiff's right to due process under the governing regulation.

The regulation requires that once the "unit commander pursues involuntary administrative discharge, they must look carefully at all the facts to be sure they recommend discharge for the right reason." AFI 36-3209, ¶ 3.9.2. The regulation further requires that the letter of notification of the discharge action shall contain a "description of all reasons for such action, to include identification of the appropriate paragraphs of this instruction covering each reason." *Id.*, ¶ 4.10.1.2. Obviously, Plaintiff's rights to a hearing, to counsel, to cross examine witnesses, and so forth, exist to provide Plaintiff with an opportunity to refute the stated reasons for discharge. *See generally id.*, ¶ 4.10. Such rights would be meaningless if the reasons given for discharge were invalid, or if the reasons for discharge were changed long after the Plaintiff was forced to leave military service.

Two of the grounds upon which Plaintiff's discharge was initiated were a Pattern of Misconduct and Conduct Prejudicial to Good Order and Discipline. AR 60-65, 74. Conduct Prejudicial is actually a subset of a Pattern of Misconduct, as clearly defined by the regulation. AFI 36-3209, ¶ 3.21.2, 3.21.2.2. TAG ordered Plaintiff to be discharged based on a Pattern of Misconduct. AR 100-01. However, initiating separation or discharge processing for a Pattern of Misconduct was explicitly prohibited by the governing regulation because Plaintiff had not received formal counseling and the opportunity to overcome deficiencies. AFI 36-3209, ¶ 3.21.

Moreover, Plaintiff's actual discharge certificate stated that the reason for discharge was Conduct Prejudicial to Good Order and Discipline. Def. Opening Memo Exhibit 6 at 1-2. That reason could not be a valid reason for discharge either. It was a subset of a Pattern of Misconduct and thus required formal counseling first, and that ground had been explicitly found by the ARB to not be substantiated and was not even mentioned in TAG's March 3, 2003 memo or the April 16, 2002 Letter of Notification of Involuntary Separation. AR 95, 100-01, 102-03.

Defendant's *sua sponte* decision after this suit was filed to issue a new discharge certificate changing *ex post facto* the reason for Plaintiff's discharge to Commission of a Serious Offense merely makes evident the error and injustice suffered by Plaintiff in this matter. Def. Opening Memo at 23 n.6. Defendant effectively changed the rules after the game was over. Under AFI 36-3209, Plaintiff was legally entitled to be advised of the reason for his discharge **prior** to his discharge, and was entitled to formal counseling so that he could attempt to remedy his deficiencies. Yet the Administrative Record demonstrates that he was denied both. Hence, the proposed grounds for discharge violated the regulation and prejudiced Plaintiff.

### C. The Record of the ARB Hearing Violates Regulation.

Defendant asserts that the record of the ARB proceedings found at AR 77-99 meets the regulatory requirements of a summarized record. Def. Reply at 8. Yet Defendant's assertion is directly contradicted by the governing regulation:

> **All reports include all supporting exhibits, documents, and other writing admitted or offered into evidence** at the board hearing, and a verbatim statement of the board's findings and recommendations.

AFI 36-3209, ¶ 4.18.1.3 (emphasis added). Such items are obviously not contained in the record of the ARB proceedings. *See* AR 77-99.

Further, Defendant attempts to dismiss as merely a "typographical mistake" the exceedingly disturbing fact that the legal advisor authenticated the ARB record on January 2, 2003, nine days before the voting members even issued or certified their own findings on January 11, 2003. Def. Reply at 9. Yet Defendant is bound by the contents of the Administrative Record in this matter, and given the numerous procedural errors that occurred in Plaintiff's discharge process, it is certainly possible that the legal advisor could have authenticated the ARB record prematurely as clearly evidenced by the administrative record. AR 97-98, 99. Finally, Plaintiff argued extensively to the

AFBCMR as to the inadequacy of the ARB record, and thus did not waive this argument. *See* AR 15-17. Even assuming *arguendo* that Plaintiff's argument to the AFBCMR was not specific enough to preserve this argument, the Court should nonetheless address it based on the fact that this is one of those "extraordinary situations with the potential for miscarriages of justice." *Flynn v. Commissioner of Internal Revenue Service*, 269 F.3d 1064, 1069 (D.C. Cir. 2001).

In sum, the record is legally insufficient under the governing regulation, and also constitutes an insufficient basis for the AFBCMR's review. AFI 36-3209, ¶ 4.18; *Thalasinos v. Harvey*, 479 F. Supp. 2d 45, 54 (D.D.C. 2007).

**D. Plaintiff Was Discharged based on Improper Grounds.**

Defendant asserts that Plaintiff's discharge was based on proper grounds because Plaintiff was not discharged for a pattern of misconduct. Def. Reply at 9. But Defendant's various attempts to retroactively remedy the illegal grounds for Plaintiff's discharge do not invalidate Plaintiff's argument. Plaintiff was initially informed that the ground for his discharge was a Pattern of Misconduct. AR 100-01, 102-03. But that ground was clearly illegal, because it had been found to be unsubstantiated by the ARB and because Plaintiff never received counseling. AFI 36-3209, ¶ 3.21. Subsequently, Plaintiff was informed that the ground for his discharge was Conduct Prejudicial. Def. Opening Memo Exhibit 6 at 1-2. But that ground was also clearly illegal, because it had also been found to be unsubstantiated by the ARB, and because it was never even mentioned in TAG's decision. AR 95, 100-01, 102-03. Finally, after Plaintiff filed his Complaint in this action, Defendant changed the official reason for Plaintiff's discharge for the third time. Def. Reply at 9. Yet such *ex post facto* action by Defendant just further reveals the errors and injustices suffered by Plaintiff in this case.

Plaintiff was legally entitled to be advised of the reason for his discharge prior to his discharge, and was legally entitled to formal counseling, pursuant to AFI 36-3209. The AFBCMR's failure to recognize that the Plaintiff's discharge was processed in violation of this governing regulation was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, and should thus be set aside by this Court. Therefore, Plaintiff's Cross-Motion for Summary Judgment should be granted.

## CONCLUSION

Under the APA, the Court must hold unlawful and set aside agency actions, findings, and conclusions that violate 5 U.S.C. § 706(2). However, it is impossible for the Court to conduct the requisite APA analysis if the agency fails to examine the complete record, fails to address specific arguments raised by Plaintiff in his application, or fails to explain the rationale for its decision. The AFBCMR was obligated to examine the relevant data and to articulate a satisfactory explanation for its action. *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 54 (D.D.C. 2005). Yet the record in this case demonstrates that the AFBCMR failed to do so.

In its treatment of Plaintiff, the Air Force and Kentucky Air National Guard violated their own regulations and violated Plaintiff's rights to due process. The AFBCMR had a duty to correct that situation, but did not. The AFBCMR's decision did not address key arguments made by Plaintiff in his application and did not acknowledge that the Air Force and Kentucky Air National Guard had violated their own regulations concerning the discrimination complaint processing, the ARB process, the record of the ARB hearing, and the actions of TAG. The AFBCMR's decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, and thus this Court should set aside that decision under the APA. *Calloway*, 366 F. Supp. 2d at 55; *Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997). *See also Dickson v. Secretary of Defense*, 68 F.3d 1396,

11

1405-06 (D.C. Cir. 1995). Moreover, Plaintiff is entitled to reinstatement in a comparable active federal reserve status because he exhausted his intraservice administrative remedies and because he was engaged in service as a member of the Reserve of the United States Air Force and he served under Title 10 of the United States Code when he was activated for training. *See* Def. Opening Memo Exhibit 6 at 1.

      Therefore, because there is no genuine dispute of material fact and Plaintiff is entitled to judgment as a matter of law, Plaintiff's cross-motion for summary judgment should be granted.

                                       Respectfully submitted,

                                       /s/

                                       David P. Sheldon (446039)
                                       LAW OFFICES OF DAVID P. SHELDON, PLLC
                                       Barracks Row
                                       512 8th Street, S.E.
                                       Washington, D.C. 20003
                                       (202) 546-9575

                                       Attorney for Plaintiff

November 28, 2007